UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AUSTIN J. HARIG,

*Plaintiff*,

-against-

**COMPLAINT
AND JURY DEMAND**

The CITY OF BUFFALO,
JASON HEIDINGER, individually and in his official
capacity as City of Buffalo Police Officer,
LISA WEDLAKE, individually and in her official
capacity as City of Buffalo Police Officer,
DOUGLAS HAYDEN, individually and in his official
capacity as City of Buffalo Police Officer,
JOHN BANNISTER, individually and in his official
capacity as City of Buffalo Police Officer,
KYMA DICKINSON, individually and in her official
capacity as City of Buffalo Police Officer,
SARA JO KEATON, individually and in her official
capacity as City of Buffalo Police Officer,
JOSHUA HEIDINGER, individually and in his official
capacity as City of Buffalo Police Officer,
MICHAEL SULLIVAN, individually and in his official
capacity as a City of Buffalo Police Lieutenant, and
CARYN ANDERSON, individually and in her official
capacity as a City of Buffalo Police Officer,
PATRICK McDONALD, individually and in his official
capacity as a City of Buffalo Police Officer.
ROBERT FELSCHOW, individually and in his official
capacity as a City of Buffalo Police Officer.

*Defendants*.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff AUSTIN J.

HARIG, hereby demands a jury trial of all issues so triable.

1

## I. INTRODUCTION

1.     This is an action seeking monetary damages, to redress illegal conduct by the

defendants, who deprived the plaintiff of various rights and privileges secured by

the Constitution and laws of the United States, specifically the Fourth and

Fourteenth Amendments to the United States Constitution and the Civil Rights

Act of 1871, 42 U.S.C. §§ 1983.

## II. JURISDICTION

2.     This action seeks to enforce rights guaranteed by the Constitution and laws of the

United States and is brought pursuant to 42 US.C. § 1983. Jurisdiction is based

upon 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367

(supplemental jurisdiction). The substantive federal claims are brought pursuant

to 42 U.S.C. §§1983. The Court has supplemental jurisdiction over state common

law claims.

3.     Venue is proper in the Western District of New York, under 28 U.S.C. §1391(b),

because all parties reside in this District and because all of the events or omissions

giving rise to the claims occurred within this District.

4.     Joinder of claims is based on Federal Rule of Civil Procedure 20.

## III. PARTIES

5.     Plaintiff AUSTIN J. HARIG is, and at all times hereinafter mentioned was a

resident of the County of Erie and State of New York.

6.     The defendant CITY OF BUFFALO is a municipal corporation operating under

the laws of the State of New York with offices in Buffalo, New York.

7.      The defendant JOHN BANNISTER was at all times herein employed by the
CITY OF BUFFALO Police Department as a police officer.

8.      On information and belief, he resides in the County of Erie and is sued
individually and in his official capacity as a police officer.

9.      The defendant SARA JO KEATON was at all times herein employed by the
CITY OF BUFFALO Police Department as a police officer.

10.     On information and belief, she resides in the County of Erie and is sued
individually and in her official capacity as a police officer.

11.     The defendant KYMA DICKINSON was at all times herein employed by the
CITY OF BUFFALO Police Department as a police lieutenant.

12.     She resides in Erie County and is sued individually and in her official capacity as
a police officer.

13.     The defendant JOSHUA HEIDINGER was at all times herein employed by the
CITY OF BUFFALO Police Department as a police officer.

14.     On information and belief, he resides in Erie County and is sued individually and
in his official capacity as a police officer.

15.     The defendant JASON HEIDINGER was at all times herein employed by the
CITY OF BUFFALO Police Department as a police officer.

16.     On information and belief, he resides in Erie County and is sued individually and
in his official capacity as a police officer.

17.     The defendant MICHAEL SULLIVAN was at all times herein employed by the
CITY OF BUFFALO Police Department as a police lieutenant.

18.    On information and belief, he resides in Erie County and is sued individually and in his official capacity as a police officer.

19.    The defendant LISA WEDLAKE was at all times herein employed by the CITY OF BUFFALO Police Department as a police officer.

20.    On information and belief, she resides in Erie County and is sued individually and in her official capacity as a police officer.

21.    The defendant DOUGLAS HAYDEN was at all times herein employed by the CITY OF BUFFALO Police Department as a police officer.

22.    On information and belief, he resides in Erie County and is sued individually and in his official capacity as a police officer.

23.    The defendant CARYN ANDERSON was at all times herein employed by the CITY OF BUFFALO Police Department as a police officer.

24.    On information and belief, she resides in Erie County and is sued individually and in her official capacity as a police officer.

25.    The defendant ROBERT FELSCHOW was at all times herein employed by the CITY OF BUFFALO Police Department as a police officer.

26.    On information and belief, he resides in Erie County and is sued individually and in his official capacity as a police officer.

27.    The defendant PATRICK McDONALD was at all times herein employed by the CITY OF BUFFALO Police Department as a police officer.

28.    On information and belief, he resides in Erie County and is sued individually and in his official capacity as a police officer.

29.     At all times herein, the individual defendants were acting within the scope of their

employment.

30.     At all times herein, the individual defendants were acting under color of state law.

### IV. FACTUAL ALLEGATIONS APPLICABLE TO

### ALL CAUSES OF ACTION

### A.  ARREST OF JUNE 8, 2016

31.     On or about June 8, 2016, at about 4:00 a.m., the plaintiff was in his apartment at

82 Zittel St., Buffalo, New York.

32.     At that time and place, the plaintiff was arrested by the defendants CARYN

ANDERSON, ROBERT FELSCHOW and PATRICK McDONALD, acting in

concert.

33.     The defendants, acting in concert and jointly, did arrest plaintiff without probable

cause, or any cause at all, and falsely and maliciously charged him with

unlawfully dealing with a child.

34.     The plaintiff was charged with unlawfully dealing with a child in the first degree

in an information signed and filed in Buffalo City Court by CARYN

ANDERSON on or about June 8, 2016.

35.     He was taken into custody by the defendants and remained in custody for about

seven hours until being arraigned in Buffalo City Court.

36.     After arraignment, he was forced to attend five court appearances and retain

counsel to defend against the charges.

37.     The information alleges that:

"on or about Wednesday, June 8, 2016 at 82 ZITTEL ST in the CITY OF
BUFFALO, County of ERIE, at about 03:58 AM, said DEFENDANT did
commit the offense of:

UNLAWFULLY DEALING WITH A CHILD IN THE FIRST DEGREE a class A MISDEMEANOR contrary to the provisions of section 260.20, subsection(s) 02 of the Penal Law of the State of New York. The said defendant, at the aforesaid time and place, did give or sell or cause to be given or sold any alcoholic beverage as defined by section three of the Alcoholic Beverage Control Law, to a person less than twenty-on years old. In that the defendant did, while at 82 Zittel have a female at this address who was less than 21 years of age, date of birth 3/20/99 and also a male who was 17 years of age, date of birth 11/30/9.8 and a male who was 18 years of age, date of birth 11/25/97 and did provide all of these persons, who are less then 21 years of age, with alcoholic beverages, to wit, Bud Wieser beer.

38.     These allegations are false and the defendants knew or should have known that they were false and lacking probable cause to believe them.

39.     The charges against him were dismissed on the merits on September 8, 2016.

40.     On information and belief, the defendants acted in concert and approved of and supported the arrest and prosecution of the plaintiff.

41.     At all times herein, THE CITY OF BUFFALO failed to properly train and supervise the individual defendants with respect to the plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

42.     The CITY OF BUFFALO has also failed to provide adequate training to incoming officers or veteran officers in the constitutional rights of suspects.

43.     These failures have resulted in the creation of a police custom or practice of ignoring constitutional rights and have resulted in a large number of lawsuits, complaints, claims, verdicts and settlements in recent years against City of Buffalo police officers as well as many orders suppressing evidence in criminal cases involving Buffalo Police Officers.

## B.  ARREST OF AUGUST 25, 2016

44.     On or about August 25, 2016, the plaintiff was in his apartment at 82 Zittel St.,

Buffalo, New York.

45.     Defendant police officers JOHN BANNISTER, SARA JO KEATON, KYMA

DICKINSON, JOSHUA HEIDINGER, JASON HEIDINGER, MICHAEL

SULLIVAN, LISA WEDLAKE AND DOUGLAS HAYDEN responded to a call

for assistance concerning an assault at 82 Zittel St. at about 2:25 a.m.

46.     At that time and place, John Bannister and Sara Jo Keaton arrested the plaintiff

for gang assault, assault in the third degree and harassment in the second degree

without probable cause of any kind, without an adequate investigation and in spite

of physical evidence and witnesses' statements exculpating the plaintiff from

involvement in any crimes or offenses.

47.     On information and belief, based on a review of police records, the other officers

listed above assisted with or supported the arrest and prosecution.

48.     The officers filed the aforementioned false charges with the Buffalo City Court on

August 25, 2016 and therefore initiated and continued a prosecution against the

plaintiff.

49.     The defendants, acting in concert and jointly, did arrest plaintiff without probable

cause, or any cause at all, and falsely and maliciously charged him with

unlawfully dealing with a child.

50.     He was taken into custody by the defendants and remained in custody for about

nine hours until being arraigned in Buffalo City Court.

51.     The court imposed bail of $8,000 which was later reduced to $3500.

52.     The plaintiff was unable to raise the bail immediately and therefore spent about twelve days in the Erie County Holding Center.

53.     The plaintiff was required to attend two more court appearances on September 1 and September 6, 2016.

54.     He was released on or about September 6, 2016.

55.     When he arrived at his apartment, he saw an "Order to Vacate" affixed to his door.

56.     The order stated in all capital letters: "ORDER TO VACATE—IF YOU ARE FOUND ON THIS PROPERTY, YOU MAY BE REMOVED IMMEDIATELY BY THE BUFFALO POLICE DEPARTMENT, ARRESTED AND CHARGED WITH CRIMINAL CONTEMPT. . . . WHICH MAY RESULT IN YOUR INCARCERATION. . . ."

57.     On information and belief, this notice was prompted by the actions of the defendants and designed to maliciously injure the plaintiff.

58.     The felony complaint charging gang assault alleges that:

"on or about Thursday, August 25, 2016 at 82 ZITTEL ST in the CITY OF BUFFALO, County of ERIE, at about 02:25 AM, said DEFENDANT did commit the offense of:
GANG ASSAULT IN THE Frn.ST DEGREE a class B FELONY contrary to the provisions of section 120.07 of the Penal Law of the State of New York. THE SAID DEFENDANT, AT THE AFORESAID TIME AND PLACE, DID WITH INTENT CAUSE SERIOUS PHYSICAL INJURY TO ANOTHER PERSON AND WHEN AIDED BY TWO OR MORE OTHER PERSONS ACTUALLY PRESENT, HE CAUSES SERIOUS PHYSICAL INJURY TO SUCH PERSON OR A THIRD PERSON; In that the defendant, along with other outstanding unidentified codefendants, did push Brett Garlack down the stairs and did attack him causing substantial pain, fractures to the neck and face of the complainant and resulting in missing teeth and severe bleeding to his face. The defendant was first taken to South Buffalo Marcy Hospital but later transported to Eric County Medical Center due to the severity of his

8

injuries."

59.    The information charging misdemeanor assault alleges as follows:

"or about Thursday, August 25, 2016 at 82 ZITTEL ST in the CITY OF
BUFFALO, County of ERIE, at about 02:25 AM, said DEFENDANT did
commit the offense of:
ASSAULT IN THE THIRD DEGREE a class A MISDEMEANOR
contrary to the provisions of section 120.00, subsection(s) 01 of the Penal
Law of the State of New York.
THE SAID DEFENDANT, AT THE AFORESAID TIME AND PLACE,
DID WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER
PERSON, CAUSED SUCH INJURY TO SUCH PERSON OR TO A
THIRD PERSON; In that the defendant did throw Zachary Garlock down
the stairs causing substantial pain to his body."

60.    The information charging harassment in the second degree alleges as follows:

"on or about Thursday, August 25,2016 at 82 ZITTEL ST in the CITY OF
BUFFALO, County of ERIE, at about 02:25 AM, said DEFENDANT did
commit the offense of:
HARASSMENT IN THE SECOND DEGREE a VIOLATION contrary to
the provisions of section 240.26, subsection(s) 01 of the Penal Law of the
State of New York.
TWO COUNTS THE SAID DEFENDANT, AT THE AFORESAID
TIME AND PLACE, WITH INTENT TO HARASS, ANNOY OR
ALARM ANOTHER PERSON, DID STRIKE, SHOVE, KICK OR
OTHERWISE SUBJECT SUCH OTHER PERSON TO PHYSICAL
CONTACT, OR ATTEMPTS OR THREATENS TO DO THE SAME; In
that the defendant, along with other outstanding unidentified codefendants,
did push Brett Garlack down the stairs and did attack him causing
substantial pain, fractures to the neck and face of the complainant and
resulting in missing teeth and severe bleeding to his face and the defendant
did then throw Zachary Garlock down the stairs causing him substantial
pain to his body; said actions performed by the defendant causing both
complainants annoyance and alarm."

61.    These allegations are false and the defendants knew or should have known that

they were false and lacking probable cause to believe them.

62.    The charges were dismissed on the merits on February 2, 2017 by an Erie County

grand jury.

63. On information and belief, the defendants acted in concert and approved of and supported the arrest and prosecution of the plaintiff.

64. At all times herein, THE CITY OF BUFFALO failed to properly train and supervise the individual defendants with respect to the plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

65. The CITY OF BUFFALO has also failed to provide adequate training to incoming officers or veteran officers in the constitutional rights of suspects.

66. These failures have resulted in the creation of a police custom or practice of ignoring constitutional rights and have resulted in a large number of lawsuits, complaints, claims, verdicts and settlements in recent years against City of Buffalo police officers as well as many orders suppressing evidence in criminal cases involving Buffalo Police Officers.

67. On February 13, 2017, the plaintiff filed a notice of claim against the CITY OF BUFFALO for common law malicious prosecution with respect to the arrest of August 25, 2016.

68. The notice stated in part:

"The claim is for malicious prosecution against the Claimant
under state and federal law (42 USC 1983) by the City of Buffalo and the
following City employees acting within the scope of their employment and
under color of state law: John Bannister, Sara Jo Keaton, Kyma
Dickinson, Joshua Heidinger, Jason Heidinger, Michael Sullivan, Lisa
Wedlake and Douglas Hayden."

69. At least thirty days have elapsed since the service of such notice and adjustment or payment thereof has been neglected or refused.

70. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## V. LEGAL CLAIMS OF AUSTIN HARIG

### ARREST OF JUNE 8, 2016

### FIRST CAUSE OF ACTION UNDER 42 U.S.C. § 1983 MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH and FOURTEENTH AMENDMENTS, U.S. CONSTITUTION AGAINST THE CITY OF BUFFALO, CARYN ANDERSON, PATRICK McDONALD, and ROBERT FELSCHOW.

71. The individual defendants, acting jointly and severally, conspired to and did maliciously prosecute the plaintiff.

72. The defendants initiated and continued criminal proceedings against the plaintiff without probable cause, and with actual malice.

73. The charges against the plaintiff were dismissed on the merits and with finality.

74. The Plaintiff, as the result of being prosecuted, was forced to attend numerous court appearances and retain counsel.

75. He therefore suffered a post-arraignment deprivation of liberty.

76. The defendants' actions violated the Plaintiff's clearly established right to liberty and personal security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

77. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty and personal security.

78. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

79. At all times herein, the CITY OF BUFFALO failed to properly train or properly supervise the individual defendants, and created or allowed a police custom or

11

practice of violating constitutional rights, resulting in the behavior complained of above.

80.     At all times relevant herein, the Defendants were acting under color of state law.

81.     As a direct result of the Defendants' conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION UNDER 42 U.S.C. § 1983—FALSE ARREST— FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSTITUTION AGAINST THE CITY OF BUFFALO, CARYN ANDERSON, PATRICK McDONALD, and ROBERT FELSCHOW.**

82.     The individual defendants, acting jointly and severally, conspired to and did falsely arrest the plaintiff without probable cause.

83.     The defendants intended to and did confine the plaintiff.

84.     The plaintiff was at all times conscious of the confinement.

85.     The plaintiff did not consent to the confinement.

86.     Plaintiff was confined against his will by the defendants for about eight hours.

87.     The Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

88.     The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty.

89.     The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established Fourth and Fourteenth Amendment rights.

90.     At all times herein, the CITY OF BUFFALO failed to properly train or properly supervise the individual defendants, and created or allowed a police custom or

practice of violating constitutional rights, resulting in the behavior complained of above.

91.     At all times relevant herein, the Defendants were acting under color of state law.

92.     As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION UNDER 42 U.S.C. § 1983---FAILURE TO PREVENT UNCONSTITUTIONAL ACTS COMMITTED WITHIN THEIR PRESENCE--- FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS, U.S. CONSTITUTION AGAINST CARYN ANDERSON, PATRICK McDONALD, and ROBERT FELSCHOW.**

93.     The individual defendants, being police officers, failed to take reasonable steps to prevent their fellow officers from engaging in the illegal acts alleged herein, though they were present at the scene of such violations and were capable of doing so. *Anderson v. Branen,* 17 F3d 552 (2nd Cir. 1994).

94.     The Defendants' actions violated the Plaintiff's clearly established right to be free from false arrest, assault, malicious prosecution, battery under the Fourth and Fourteenth Amendments.

95.     The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional rights.

96.     The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

97.     At all times relevant herein, the Defendants were acting under color of state or federal law.

98.     As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, and incurred attorneys' fees and costs.

**FOURTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983—ASSAULT—FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSTITUTION AGAINST THE CITY OF BUFFALO, CARYN ANDERSON, PATRICK McDONALD, and ROBERT FELSCHOW.**

99.   The individual defendants, did assault the plaintiff by intentionally placing him in fear of imminent or offensive contact or by directing subordinates to do so.

100.   Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

101.   The plaintiff at no time consented to this behavior nor was the behavior otherwise privileged.

102.   The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty.

103.   The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

104.   At all times herein, the CITY OF BUFFALO failed to properly train or properly supervise the individual defendants, and created or allowed a police custom or practice of violating constitutional rights, resulting in the behavior complained of above.

105.   At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

106.   As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION UNDER 42 USC 1983—BATTERY-- FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSITUTION AGAINST THE CITY OF BUFFALO, CARYN ANDERSON, PATRICK McDONALD, and ROBERT FELSCHOW.**

107. The individual defendants did batter the plaintiff by subjecting him to bodily contact or by directing subordinates to do so, all without his consent or lawful privilege.

108. Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

109. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty and security.

110. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established Fourth and Fourteenth Amendment rights.

111. At all times herein, the CITY OF BUFFALO failed to properly train or properly supervise the individual defendants, and created or allowed a police custom or practice of violating constitutional rights, resulting in the behavior complained of above.

112. At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

113. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

**ARREST OF AUGUST 25, 2016**

**SIXTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983 MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH and FOURTEENTH AMENDMENTS, U.S. CONSTITUTION AGAINST THE CITY OF BUFFALO, DOUGLAS HAYDEN, JOHN BANNISTER, KYMA DICKINSON, SARA JO KEATON, JOSHUA HEIDINGER, JASON HEIDINGER, CARYN ANDERSON, LISA WEDLAKE and MICHAEL SULLIVAN.**

114. The individual defendants, acting jointly and severally, conspired to and did maliciously prosecute the plaintiff.

115. The defendants initiated and continued criminal proceedings against the plaintiff without probable cause, and with actual malice.

116. The charges against the plaintiff were dismissed on the merits and with finality.

117. The Plaintiff, as the result of being prosecuted, was incarcerated for about twelve days and forced to attend several court appearances.

118. He therefore suffered a post-arraignment deprivation of liberty.

119. The defendants' actions violated the Plaintiff's clearly established right to liberty and personal security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

120. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty and personal security.

121. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

122. At all times herein, the CITY OF BUFFALO failed to properly train or properly supervise the individual defendants, and created or allowed a police custom or

16

practice of violating constitutional rights, resulting in the behavior complained of above.

123. At all times relevant herein, the Defendants were acting under color of state law.

124. As a direct result of the Defendants' conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

**SEVENTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983—FALSE ARREST—FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSTITUTION AGAINST THE CITY OF BUFFALO, DOUGLAS HAYDEN, JOHN BANNISTER, KYMA DICKINSON, SARA JO KEATON, JOSHUA HEIDINGER, JASON HEIDINGER, CARYN ANDERSON, LISA WEDLAKE and MICHAEL SULLIVAN.**

125. The individual defendants, acting jointly and severally, conspired to and did falsely arrest the plaintiff without probable cause.

126. The defendants intended to and did confine the plaintiff.

127. The plaintiff was at all times conscious of the confinement.

128. The plaintiff did not consent to the confinement.

129. Plaintiff was confined against his will by the defendants for about eight hours.

130. The Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

131. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty.

132. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established Fourth and Fourteenth Amendment rights.

133. At all times herein, the CITY OF BUFFALO failed to properly train or properly supervise the individual defendants, and created or allowed a police custom or practice of violating constitutional rights, resulting in the behavior complained of above.

134. At all times relevant herein, the Defendants were acting under color of state law.

135. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

**EIGHTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983---FAILURE TO PREVENT UNCONSTITUTIONAL ACTS COMMITTED WITHIN THEIR PRESENCE--- FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS, U.S. CONSTITUTION AGAINST DOUGLAS HAYDEN, JOHN BANNISTER, KYMA DICKINSON, SARA JO KEATON, JOSHUA HEIDINGER, JASON HEIDINGER, CARYN ANDERSON, LISA WEDLAKE and MICHAEL SULLIVAN.**

136. The individual defendants, being police officers, failed to take reasonable steps to prevent their fellow officers from engaging in the illegal acts alleged herein, though they were present at the scene of such violations and were capable of doing so. *Anderson v. Branen,* 17 F3d 552 (2nd Cir. 1994).

137. The Defendants' actions violated the Plaintiff's clearly established right to be free from false arrest, assault, malicious prosecution, battery under the Fourth and Fourteenth Amendments.

138. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional rights.

139. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

140.    At all times relevant herein, the Defendants were acting under color of state or federal law.

141.    As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, and incurred attorneys' fees and costs.

**NINTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983—ASSAULT—FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSTITUTION AGAINST THE CITY OF BUFFALO, DOUGLAS HAYDEN, JOHN BANNISTER, KYMA DICKINSON, SARA JO KEATON, JOSHUA HEIDINGER, JASON HEIDINGER, CARYN ANDERSON, LISA WEDLAKE and MICHAEL SULLIVAN.**

142.    The individual defendants, did assault the plaintiff by intentionally placing him in fear of imminent or offensive contact or by directing subordinates to do so.

143.    Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

144.    The plaintiff at no time consented to this behavior nor was the behavior otherwise privileged.

145.    The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty.

146.    The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established Fourth and Fourteenth Amendment rights.

147.    At all times herein, the CITY OF BUFFALO failed to properly train or properly supervise the individual defendants, and created or allowed a police custom or practice of violating constitutional rights, resulting in the behavior complained of above.

148. At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

149. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

**TENTH CAUSE OF ACTION UNDER 42 USC 1983—BATTERY-- FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSITUTION AGAINST THE CITY OF BUFFALO, DOUGLAS HAYDEN, JOHN BANNISTER, KYMA DICKINSON, SARA JO KEATON, JOSHUA HEIDINGER, JASON HEIDINGER, CARYN ANDERSON, LISA WEDLAKE and MICHAEL SULLIVAN.**

150. The individual defendants did batter the plaintiff by subjecting him to bodily contact or by directing subordinates to do so, all without his consent or lawful privilege.

151. Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

152. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty and security.

153. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established Fourth and Fourteenth Amendment rights.

154. At all times herein, the CITY OF BUFFALO failed to properly train or properly supervise the individual defendants, and created or allowed a police custom or practice of violating constitutional rights, resulting in the behavior complained of above.

155. At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

156. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

## ELEVENTH CAUSE OF ACTION UNDER STATE COMMON LAW-MALICIOUS PROSECUTION—AGAINST ALL DEFENDANTS

157. The individual defendants acting within the scope of their employment, caused false and malicious criminal charges to be initiated and continued against the plaintiff.

158. The defendants initiated and continued criminal proceedings against the plaintiff without probable cause, and with actual malice.

159. The charges against plaintiff were dismissed on the merits and with finality.

160. As a direct result of the Defendants' conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

161. On February 13, 2017, the plaintiff filed a notice of claim against the CITY OF BUFFALO for common law malicious prosecution.

162. The notice stated in part:

"The claim is for malicious prosecution . . . by the City of Buffalo and the following city employees acting within the scope of their employment and under color of state law: John Bannister, Sara Jo Keaton, Kyma Dickinson, Joshua Heidinger, Jason Heidinger, Michael Sullivan, Lisa Wedlake and Douglas Hayden."

163. At least thirty days have elapsed since the service of such notice and adjustment or payment thereof has been neglected or refused.

164. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## VI. DAMAGES

165.    On account of the Defendants' actions and violations of their rights as set forth above, the Plaintiff suffered actual damages, including loss of liberty, loss of reputation, physical injury, pain, suffering, humiliation and emotional and psychological distress, was forced to expend funds for attorneys' fees and related expenses in defense of the criminal charges against him.

166.    Plaintiff is entitled to recover damages, attorney's fees (in this action and for the criminal prosecution), costs, and punitive damages.

167.    Plaintiff demands prejudgment interest on all elements of out-of-pocket loss including attorneys' fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

1.    Assume jurisdiction of this action;

2.    Enter judgment against the Defendants and in favor of the Plaintiff;

3.    Award the Plaintiff AUSTIN HARIG compensatory damages of $250,000, including prejudgment interest on any out-of-pocket damages and impose punitive damages of $75,000 against each individual defendant for the first five causes of action.

4.    Award the Plaintiff AUSTIN HARIG compensatory damages of $1,000,000.00, including prejudgment interest on any out-of-pocket damages and impose punitive damages of $75,000 against each individual defendant for the sixth through eleventh causes of action.

5.      Award Plaintiff all costs and disbursements incurred in the prosecution of this

action, including reasonable attorneys' fees under 42 U.S.C. §1988; and

6.      Enter such other and further relief as the Court deems just and proper.

Dated:     Buffalo, New York
           May 2, 2018          s/James Ostrowski
                                  JAMES OSTROWSKI
                                  Attorney for Plaintiff
                                  AUSTIN HARIG
                                  63 Newport Ave.
                                  Buffalo, New York 14216
                                  (716) 435-8918
                                  jameso@apollo3.com