UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

AUSTIN J. HARIG,

Plaintiff,

v.

CITY OF BUFFALO, JASON HEIDINGER, LISA WEDLAKE, DOUGLAS HAYDEN, JOHN BANNISTER, KYMA DICKINSON, SARA JO KEATON, JOSHUA HEIDINGER, MICHAEL SULLIVAN, CARYN ANDERSON, PATRICK MCDONALD, and ROBERT FELSCHOW,

Defendants.

Case No. 1:18-cv-00503

**OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
(Doc. 44)

This action arises out of Plaintiff Austin J. Harig's ("Plaintiff") claims against Defendants City of Buffalo ("Defendant City"), John Bannister ("Defendant Bannister"), Sara Jo Keaton ("Defendant Keaton"),[1] Kyma Dickinson ("Defendant "Dickinson"), Joshua Heidinger, Jason Heidinger, Michael Sullivan ("Defendant Sullivan"), Lisa Wedlake ("Defendant Wedlake"),[2] Douglas Hayden ("Defendant Hayden"), Caryn Anderson ("Defendant Anderson"), Robert Felschow ("Defendant Felschow"), and Patrick McDonald ("Defendant McDonald") (collectively, "Defendants"). Each individual defendant is alleged to be a police officer or a police lieutenant employed by Defendant City during the relevant time. Plaintiff's claims are asserted against Defendants in their individual and official capacities.

---

[1] Plaintiff also refers to Ms. Keaton as Sara Jo McCormick. The court will refer to her by Ms. Keaton, the name provided by Plaintiff in the caption and used by Defendants.

[2] Also referred to by Plaintiff as Lisa Brandt.

On February 26, 2021, Defendants moved for judgment on the pleadings with regard to certain claims and for summary judgment. On May 10, 2021, Plaintiff opposed that motion and cross-moved for summary judgment.

Because Plaintiff consented to dismissal of certain claims during the course of oral argument on August 6, 2021, the court dismissed all claims against Defendant City; Counts IV, V, IX, and X; all official capacity claims against the individual Defendants; and the claims arising out of Plaintiff's August 25, 2016 arrest against Defendant Anderson.

Plaintiff is represented by Chad A. Davenport, Esq., and James Ostrowski, Esq. Defendants are represented by David M. Lee, Esq., and Maeve Eileen Huggins, Esq.

Discovery in this case closed on November 30, 2020, and the parties' dispositive motions were due on February 26, 2021. The discovery schedule imposing these deadlines was proposed by Plaintiff and approved by the court. On February 26, 2021, Defendants filed a motion for judgment on the pleadings and a motion for summary judgment. On March 5, 2021, Plaintiff moved to exceed the page limit for his opposition brief and sought an extension of the time in which to respond to Defendants' motion. In doing so, Plaintiff made no representation that he intended to file his own motion for summary judgment. The court granted Plaintiff an extension until May 11, 2021 to file his opposition. On May 10, 2021, rather than filing an opposition brief, Plaintiff filed a cross-motion for summary judgment.

Defendants argue that the court should disregard Plaintiff's cross-motion for summary judgment because it was untimely filed. Plaintiff counters that because courts have the discretion to enter summary judgment *sua sponte* and Defendants are not prejudiced by the late filing, the court should consider Plaintiff's cross-motion in the interest of justice and judicial economy.

"A scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril." *Coene v. 3M Co.*, 303 F.R.D. 32, 49 (W.D.N.Y. 2014) (internal quotation marks and citation omitted). Although several other courts have considered untimely cross-motions for summary judgment where the nonmoving party is

"not prejudiced," the cross-motion "has merit," and "the interests of justice require[]" it, *Slue v. N.Y. Univ. Med. Ctr.*, 409 F. Supp. 2d 349, 374 (S.D.N.Y. 2006), "[a] district court is not required to entertain an untimely motion and its discretion to do so depends upon the movant showing good cause." *United States v. Mustafa*, 753 F. App'x 22, 44 (2d Cir. 2018). "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted).

In this case, Plaintiff explains that he did not plan to file a cross-motion for summary judgment but "was shocked" by Defendants' motion for summary judgment (Doc. 47 at 4), and that after reviewing Defendants' motion, he decided to file a cross-motion as a good "litigation strategy[.]" *Id.* at 3. He notes that Defendants' motion was filed on the date of the dispositive motions deadline. He does not, however, further claim he was not afforded a full opportunity to oppose Defendants' motion. He thus identifies no prejudice he suffered as a result of Defendants' timely filing.

With regard to prejudice to Defendants, Plaintiff contends that there is none because the parties briefed the same issues in their motions for summary judgment and were given the opportunity to respond to each other's motions. Defendants argue that not only are they forced to respond to an untimely motion but as part of Plaintiff's motion, he filed "suspicious affidavits[,]" (Doc. 46 at 5), including the affidavits of Frank Parlato, who was never disclosed as a witness, and Jennifer Pahl,[3] who was not made available for a deposition. The court finds there is generally at least some prejudice any time a party is forced to incur the time and expense of responding to an untimely motion.

Finally, although Plaintiff moved for an extension of time to respond to Defendants' motion and for a page extension, he neither alerted the court or Defendants of his intention to file a cross-motion for summary judgment, nor requested an extension of the discovery schedule to do so. He proffers no excuse for this lack of notice.

When viewed in their totality, the circumstances do not rise to good cause for

[3] Also referred to by Plaintiff as Jennifer Paul.

consideration of an untimely motion but instead reflect a strategic decision by Plaintiff that is inconsistent with a Scheduling Order which Plaintiff agreed to and which was ordered by the court.

Because the court has discretion to consider untimely motions on a showing of good cause and because Plaintiff makes no such showing, Plaintiff's motion for partial summary judgment is DENIED. (Doc. 44.) The arguments set forth in Plaintiff's motion as well as the Parlato and Pahl affidavits shall be treated as Plaintiff's opposition to Defendants' motion for summary judgment to alleviate any prejudice Plaintiff may suffer.

## CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion for partial summary judgment. (Doc. 44.)

SO ORDERED.

Dated this 27th day of September, 2021.

Christina Reiss, District Judge
United States District Court